IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>LINENS HOLDING CO., et al.,<br><br>        Debtors. | Chapter 11<br>Case Nos. 08-10832 (CSS), et seq.,<br>(Jointly Administered) |
| LNT SERVICES, INC.,<br><br>        Plaintiff,<br>v.<br><br>DELAWARE RIVER LAND CO., LLC,<br><br>        Defendant. | Adversary Proceeding No. 09-53031 |

**ANSWER TO COMPLAINT TO AVOID
AND RECOVER PREFERENTIAL TRANSFERS AND FOR OTHER RELIEF**

Delaware River Land Co., LLC ("Defendant"), by its undersigned attorneys, files this answer to the Complaint To Avoid Transfers And Recover Preferential Transfers And For Other Relief (the "Complaint") filed by the plaintiff LNT Services, Inc. ("Plaintiff"), as follows:

NATURE OF THE ACTION

1. To the extent that Paragraph 1 of the Complaint contains legal conclusions, no response is required.

JURISDICTION AND VENUE

2. To the extent that Paragraph 2 of the Complaint contains legal conclusions, no response is required.

3. To the extent that Paragraph 3 of the Complaint contains legal conclusions, no response is required.

4. To the extent that Paragraph 4 of the Complaint contains legal conclusions, no response is required.

THE PARTIES

5. To the extent that Paragraph 5 of the Complaint contains legal conclusions, no response is required. To the extent that Paragraph 5 of the Complaint contains allegations of fact, Defendant lacks sufficient information to form a belief as to the truthfulness of the facts asserted.

6. To the extent that Paragraph 6 of the Complaint contains legal conclusions, no response is required. To the extent that Paragraph 6 of the Complaint contains allegations of fact concerning what Plaintiff "believes" or "is informed," Defendant lacks sufficient information to form a belief as to the truthfulness of the facts asserted. Defendant admits that Defendant transacted business with Plaintiff prior to the Petition Date.

GENERAL ALLEGATIONS

7. To the extent that Paragraph 7 of the Complaint contains legal conclusions, no response is required. Defendant admits that it received two payments within 90 days before the Petition Date (as defined in the Complaint) and is still verifying whether they are accurately described on Exhibit A of the Complaint. Until such verification is complete, Defendant denies the allegations in Paragraph 7 of the Complaint except as otherwise admitted herein.

8. To the extent that Paragraph 8 of the Complaint contains legal conclusions, no response is required. To the extent that Paragraph 8 of the Complaint contains allegations of fact concerning Plaintiff's "current knowledge," Defendant lacks sufficient information to form a belief as to the truthfulness of the facts asserted. To the extent that Paragraph 8 of the Complaint purports to reserve rights, Defendant reserves the right to oppose the exercise of such rights,

including but not limited to on the basis that they were not timely asserted.[1] To the extent that Paragraph 8 of the Complaint contains allegations of fact, Defendant admits that it received two payments within 90 days before the Petition Date (as defined in the Complaint) and is still verifying whether they are accurately described on Exhibit A of the Complaint. Until such verification is complete, Defendant denies the allegations in Paragraph 8 of the Complaint except as otherwise admitted herein.

## COUNT 1
(Preferential Transfer Pursuant To 11 U.S.C. § 547(b))

9. In response to Paragraph 9 of the Complaint, Defendant hereby restates and incorporates by reference each and every allegation of the foregoing paragraphs of this Answer as if set forth at length herein.

10. To the extent that Paragraph 10 of the Complaint refers to the Transfers, Defendant has not yet verified the description of the Transfers listed on Exhibit A of the Answer and therefore lacks sufficient information to form a belief as to the truthfulness of the facts asserted. To the extent that Paragraph 10 of the Complaint contains legal conclusions, no response is required.

11. To the extent that Paragraph 11 of the Complaint refers to the Transfers, Defendant has not yet verified the description of the Transfers listed on Exhibit A of the Answer and therefore lacks sufficient information to form a belief as to the truthfulness of the facts asserted. To the extent that Paragraph 11 of the Complaint contains legal conclusions, no response is required.

---

[1] Notwithstanding the definition of "Transfers" in the Complaint, Defendant will use the term "Transfers" herein to mean only those alleged transfers listed on Exhibit A of the Complaint. To the extent that "Transfers" is defined more expansively in the Answer, any allegation with respect to such expansive definition is denied.

12. To the extent that Paragraph 12 of the Complaint refers to the Transfers, Defendant has not yet verified the description of the Transfers listed on Exhibit A of the Answer and therefore lacks sufficient information to form a belief as to the truthfulness of the facts asserted. To the extent that Paragraph 12 of the Complaint contains legal conclusions, no response is required.

13. Defendant lacks sufficient information to form a belief as to the truthfulness of the facts asserted in Paragraph 13 of the Complaint, but reserves the right to enforce any presumption that may negate or otherwise affect the Plaintiff's burden of proof with respect to such facts. To the extent that Paragraph 13 of the Complaint contains legal conclusions, no response is required.

14. To the extent that Paragraph 14 of the Complaint refers to the Transfers, Defendant has not yet verified the description of the Transfers listed on Exhibit A of the Answer and therefore lacks sufficient information to form a belief as to the truthfulness of the facts asserted. To the extent that Paragraph 14 of the Complaint contains legal conclusions, no response is required.

15. Paragraph 15 of the Complaint is denied.

16. To the extent that Paragraph 16 of the Complaint refers to the Transfers, Defendant has not yet verified the description of the Transfers listed on Exhibit A of the Answer and therefore lacks sufficient information to form a belief as to the truthfulness of the facts asserted.

## COUNT 2
(Recovery of Transfers Pursuant to 11 U.S.C. § 550)

17. In response to Paragraph 17 of the Complaint, Defendant hereby restates and incorporates by reference each and every allegation of the foregoing paragraphs of this Answer as if set forth at length herein.

18. To the extent that Paragraph 18 of the Complaint refers to the Transfers, Defendant has not yet verified the description of the Transfers listed on Exhibit A of the Answer and therefore lacks sufficient information to form a belief as to the truthfulness of the facts asserted.

19. Paragraph 19 of the Complaint is denied.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the claims set forth in the Complaint:

(A) Plaintiff is barred from recovery against Defendant under the Complaint pursuant to 11 U.S.C. § 547(c)(1).

(B) Plaintiff is barred from recovery against Defendant under the Complaint pursuant to 11 U.S.C. § 547(c)(2).

(C) Plaintiff is barred from recovery against Defendant under the Complaint pursuant to 11 U.S.C. § 547(c)(4).

(D) Plaintiff is barred from recovering any transfers not expressly listed (by date, amount, and payment number) in the Complaint pursuant to the applicable statute of limitations, including but not limited to 11 U.S.C. § 546, including but not limited to by virtue of the "relation back doctrine."

(E) Plaintiff has failed to state a claim for which relief may be granted.

(F) To the extent that, in addition to a request for entry of a money judgment, Plaintiff has requested that the Court "order[ ] Defendant to immediately pay the judgment to Plaintiff," Plaintiff has requested an improper remedy.

(G) To the extent that Plaintiff has requested pre-judgment interest, Plaintiff has requested an improper remedy.

(H) To the extent that Plaintiff has requested an award of "fees (including attorneys' fees) and expenses associated with the prosecution of this action," Plaintiff has requested an improper remedy.

WHEREFORE, Defendant requests that this Honorable Court deny the relief sought in the Complaint and grant such further relief as this Court deems just and proper.

Dated: January 21, 2010
Wilmington, Delaware

Respectfully submitted,

PINCKNEY, HARRIS & WEIDINGER, LLC

 /s/ **Adam Hiller**
Adam Hiller (DE No. 4105)
Donna Harris (DE No. 3740)
1220 North Market Street, Suite 950
Wilmington, Delaware 19801
(302) 504-1497 telephone
(302) 442-7046 facsimile

*Attorneys for Defendant*